UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEC SEWATSKY, RYAN BARRETT and    :
CAROLINE MULALLY, husband and      :CIVIL ACTION NO. 3:13-CV-2450
wife, LINDSAY BARRETT and GRACE    :
SATO,                              :(JUDGE CONABOY)
                                   :
          Plaintiffs,              :
                                   :
          v.                       :
                                   :
CUSTOM POLYMERS, INC.,             :
                                   :
          Defendant.               :
                                   :
_____

**MEMORANDUM**

Here we consider Defendant Custom Polymers, Inc.'s Motion to
Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R.
Civ. P. 12(b)(6) (Doc. 19).  Defendant seeks dismissal of the
Amended Complaint, primarily arguing that Plaintiffs have not
pleaded the requisite relationship between it and the owner of the
tractor trailer that was responsible for the underlying accident at
the time it was shipping Defendant's goods.  (Doc. 20.)  For the
reasons discussed below, we conclude Defendant's motion is properly
denied.

**I. Background**

The underlying accident occurred on October 10, 2011, on
Interstate 80 in Pennsylvania.  (Doc. 24 at 1.)  A tractor trailer
owned and operated by Advanced Cargo Transportation, Inc.
("Advanced Cargo") is alleged to have caused the accident which
involved Plaintiffs Alec Sewatsky, Ryan Barrett and Caroline

Mulally, husband and wife, Lindsay Barrett and Grace Sato ("Plaintiffs").  (*Id.*)  Advanced Cargo is not a party in this action.  (*Id.*)

Defendant Custom Polymers, Inc. ("Defendant") had entered into a shipping contract with Advanced Cargo to haul goods from Charlotte, North Carolina, to Rochester, New York.  (Doc. 24 at 2.) Plaintiffs allege that, at the time of the underlying accident, Advanced Cargo, an independent contractor and separate and distinct entity from Defendant, was hauling Defendant's goods.  (*Id.*) Plaintiffs also allege that Defendant entered into a shipping contract with Advanced Cargo without checking their public safety records.  (*Id.*)  Plaintiffs' Amended Complaint avers that records were maintained by Motor Carrier Management Information Systems ("MCMIS"), were readily available, and showed that Advanced Cargo "consistently failed to comply with safety ratings for both vehicle maintenance and hours of service compliance."  (Doc. 18 ¶ 27.)

Plaintiffs filed this action on September 25, 2013.  (Doc. 1.) Defendant filed Defendant Custom Polymers, Inc.'s Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on November 20, 2013.  (Doc. 8.)  On December 19, 2013, Plaintiffs filed their Amended Complaint.  (Doc. 18.)  Defendant filed Defendant Custom Polymers, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) on January 8, 2014.  (Doc. 19.)  Defendant filed its supporting brief

2

on January 15, 2015.  (Doc. 20.)  Plaintiffs filed their opposition brief on January 28, 2014.  (Doc. 24.)  Defendant did not file a reply brief and the time for doing so has passed.  Therefore, this matter is ripe for disposition.

## II. Discussion

### A.   *Motion to Dismiss Standard*

In a motion to dismiss for failure to state a claim, the defendant bears the burden of showing that no claim has been presented.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Courts are directed to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

When reviewing a complaint pursuant to a defendant's motion to dismiss for failure to state a claim filed under Federal Rule of Civil Procedure 12(b)(6), the court does so in the context of the requirement of Federal Rule of Civil Procedure 8(a)(2) which requires only "a short and plain statement of the claims showing that the pleader is entitled to relief."  The "short and plain statement" must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other*

3

*grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007).

*Twombly* confirmed that more is required than "labels and

conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  550 U.S. at 555 (citing *Papasan v. Allain*,

478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not

bound to accept as true a legal conclusion couched as a factual

allegation")).  "Factual allegations must be enough to raise a

right to relief above the speculative level on the assumption that

all allegations in the complaint are true (even if doubtful in

fact)."  550 U.S. at 555 (citations omitted).

    In *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009),

the Third Circuit Court of Appeals set out the standard applicable

to a motion to dismiss in light of the United States Supreme

Court's decisions in *Twombly*, 550 U.S. 433 (2007), and *Ashcroft v.

Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

> "[T]o survive a motion to dismiss, a
> complaint must contain sufficient factual
> matter, accepted as true to 'state a claim
> that relief is plausible on its face.'"
> *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550
> U.S. at 570).  The Court emphasized that
> "only a complaint that states a plausible
> claim for relief survives a motion to
> dismiss."  *Id.* at 1950.

*McTernan,* 577 F.3d at 530.  *Iqbal* explained that "[a] claim has

facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S.

4

at 678.

   *McTernan* discussed the effects of *Twombly* and *Iqbal* in detail

and provided a road map for district courts presented with a motion

to dismiss for failure to state a claim in a case filed just a week

before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.

2009).

> [D]istrict courts should conduct a two-part
> analysis.  First, the factual and legal
> elements of a claim should be separated.  The
> District Court must accept all of the
> complaint's well-pleaded facts as true, but
> may disregard any legal conclusions. [*Iqbal*,
> 129 S. Ct. at 1949.]  Second, a District
> Court must then determine whether the facts
> alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible
> claim for relief." *Id.* at 1950.  In other
> words, a complaint must do more than allege a
> plaintiff's entitlement to relief.  A
> complaint has to "show" such an entitlement
> with its facts. *See Philips* [*v. Co. of
> Alleghany*], 515 F.3d [224,] 234-35 [(3d
> Cir.2008 )].  As the Supreme Court instructed
> in *Iqbal*, "[w]here the well-pleaded facts do
> not permit the court to infer more than the
> mere possibility of misconduct, the complaint
> has alleged--but it has not 'show[n]'--'that
> the pleader is entitled to relief.'" *Iqbal*,
> 129 S. Ct. at 1949.  This "plausibility"
> determination will be "a context-specific
> task that requires the reviewing court to
> draw on its judicial experience and common
> sense." *Id.*

*Fowler*, 578 F.3d at 210-11.

   The Circuit Court's guidance makes clear that legal

conclusions are not entitled to the same deference as well-pled

facts.  As noted above, "the court is 'not bound to accept as true

a legal conclusion couched as a factual allegation.'" *Guirguis v. Movers Specialty Services, Inc.*, No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

Finally, the district court must extend the plaintiff an opportunity to amend before dismissing a complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

**B.   *Defendant's Motion***

Defendant generally asserts that Plaintiffs make no allegations that it "had any ownership, responsibility or control of the Advanced Cargo tractor trailer or that any permissive use relationship existed.  The sole relationship between Custom Polymers, Inc. and Advanced Cargo at best was a 'contract relationship' for the hauling goods." (Doc. 20 at 2.)  Plaintiffs respond that they have sufficiently pled a for-profit relationship between the entities and "there is more than a mere possibility that Custom Polymer did negligently hire Advanced Cargo either as an employer or a contractor." (Doc. 24 at 4.)  Plaintiffs add that, although the exact nature of the relationship is not known at this time, it will be further explored during discovery. (Doc. 24 at 4.)

Under Pennsylvania law applicable in this case, "[a]s a general rule, while an employer may be held liable for the acts of

6

its servants/employees, it will not be held liable for harm caused by acts of independent contractors." *Lutz v. Cybularz*, 607 A.2d 1089, 1091 (Pa. Super. Ct. 1992) (citing *Ortiz v. Ra-el Development Corp.*, 528 A.2d 1355, 1357 (Pa. Super. Ct. 1987)). Thus, when a plaintiff asserts theories of negligent hiring, vicarious liability and the like, the court must determine whether the relationship at issue is that of master/servant or independent contractor. *Lutz*, 607 A.2d at 1091.

> "The characteristic of the former relationship is that the master not only controls the result of the work but has the right to direct the way in which it shall be done, whereas the characteristic of the latter is that the person engaged in the work has the exclusive control of the manner of performing it, being responsible for the result. . . . Broadly stated, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor. . . . It is not . . . the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor."

*Lutz*, 607 A.2d at 1091 (quoting *Moon Area School Dist. v. Garzony*, 560 A.2d 1361, 1367 (Pa. 1989)). *Lutz* adds that it is the jury's function to determine the nature of the relationship except where facts are not in dispute. *Id.* (citing *Melmed v. Motts*, 491 A.2d 892, 893 (Pa. Super. Ct. 1855)). Where facts are in dispute, the question becomes one for the determination of the court. *Id.*

In *Lutz*, the plaintiff was injured in an automobile accident with a newspaper deliverer, Paul Cybularz, who delivered several newspapers including the Philadelphia Inquirer.  607 A.2d at 1090. The plaintiff sued Cybularz and the Philadelphia Newspapers, Inc. ("PNI" d/b/a the Philadelphia Inquirer).  *Id.*  PNI filed a motion for summary judgment which was granted on the basis that Cybularz was an independent contractor and, therefore, PNI was not responsible for any accident he had while making deliveries.  *Id.* The trial court also found he was not negligent for failing to ensure that Cybularz had a driver's license and insurance.  *Id.* The plaintiff appealed and the Superior Court agreed that Cybularz was an independent contractor.  *Id.* at 1091.  With this finding, the Superior Court determined the trial court had correctly granted summary judgment in favor of PNI on the issue of vicarious liability.  *Id.*  However, on the issue of negligent hiring, the Superior Court applied the Restatement of Torts § 411, "Negligence in Selection of Contractor" although neither the parties nor the trial court phrased the negligence claim as such.  *Id.* at 1092. Under the specific facts of the case, the Superior Court determined that PNI was not liable because the factors leading to liability pursuant to § 411 were not present.  *Id.* at 1092-93.

Section 411 provides the following:

> An employer is subject to liability for
> physical harm to third persons caused by his
> failure to exercise reasonable care to employ

8

> a competent and careful contractor (a) to do
> work which will involve a risk of harm unless
> it is skillfully and carefully done, or (b)
> to perform any duty which the employer owes
> to third persons.

Restatement (Second) of Torts § 411.

Here Plaintiffs allege in their Amended Complaint that Defendant was negligent in that it hired and entered into a contract with Advanced Cargo where Defendant knew or should have known of Advanced Cargo's safety related problems. (Doc. 18 ¶¶ 16-17.) On the same basis, Plaintiffs allege that Defendant created an unreasonable risk of harm and acted recklessly with a total disregard for public safety. (Doc. 18 ¶¶ 18-19.)

Given relevant Pennsylvania law, the notice pleading requirements of the Federal Rules of Civil Procedure, and the assertions contained in Plaintiffs' Amended Complaint, we conclude Defendant has not met its burden of showing that Plaintiffs have not set out plausible claims for negligence and negligent hiring. For the same reason, we conclude it would be premature to dismiss Plaintiffs' claims of recklessness. To be properly considered, the fact-specific inquiries required to determine the matters at issue in this case require development of the record, *i.e.*, the nature of the relationship between Defendant and Advanced Cargo as well as considerations indicated under § 411 must be explored.

### III. Conclusion

For the reasons discussed above, Defendant Custom Polymers,

Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint

Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 19) is denied.  An

appropriate Order is filed simultaneously with this Memorandum.


S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: March 5, 2014